EDMUND J. WESTHALL, PLAINTIFF AND DEFENDANT IN CERTIORARI. v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT AND PROSECUTOR.

Argued June 1, 1909—Decided October 23, 1909.

When notice of limitation is given by a railroad company according to section 48 of the act of 1903 (*Pamph. L.*, p. 670), and the lost baggage weighs less than one hundred pounds, the liability of the company is limited to the amount of one dollar for each pound, or to the rate of one hundred dollars for every one hundred pounds weight.

---

On *certiorari.*

This writ brings up a judgment of the Ocean County Court of Common Pleas rendered on appeal from judgment for the plaintiff in an action before a justice of the peace.

Before Justices REED, BERGEN and VOORHEES

For the plaintiff, *Aaron E. Johnston* and *Harry E. Newman.*

For the defendant and prosecutor, *George Holmes.*

The opinion of the court was delivered by

REED, J. The facts found by the Court of Common Pleas were as follows: On July 23d, 1907, the plaintiff delivered to the defendant at Lakewood a certain suit case containing wearing apparel valued at $90.65 for carriage to Newark, New Jersey. The suit case and contents weighed less than fifty pounds, and was checked by defendant's agent at Lakewood, who gave the plaintiff a duplicate check. The plaintiff was a holder of a twenty-six-trip family railroad ticket, which entitled him, or members of his family, to twenty-six rides on defendant's trains between Lakewood and New York. On the day in question both plaintiff and his wife rode on this ticket, and the price of those two fares was the consideration paid by the plaintiff to the defendant for the carriage of plaintiff, his wife, and the said suit case.

The Central Railroad Company of New Jersey is a common carrier. The suit case was lost through the negligence of the defendant or its servants. The twenty-six-trip ticket above mentioned had the following paragraph printed on the back thereof:

"6th. That wearing apparel only to the extent of 150 lbs. shall be taken as baggage without charge; and that the company's liability in case of its loss or damage, shall not exceed one dollar per pound."

The defendant had placed notices in and about its station at Lakewood, New Jersey, for the purpose of giving notice to its patrons of the provisions of an act of the legislature of New Jersey entitled "An act concerning railroads (Revision of 1903)." *Pamph. L., p.* 670, § 48.

The court gave judgment for $90.65, while, as is perceived, the baggage of the plaintiff weighed less than fifty pounds.

The defendant takes the ground that its liability was limited to the sum of one dollar for each pound weight of

the goods lost. It places this insistence upon its construction of section 48 of the revised act concerning railroads. *Pamph. L.* 1903, *p.* 670. The language of this section is as follows:

"Any railroad company may, by giving notice to any person offering goods, merchandise or baggage for transportation on the railroad or in the vessels of the company, limit their responsibility as carriers thereof to $100 for every one hundred pounds weight, unless such person shall pay to the company by way of insurance, for any additional amount of responsibility to be assumed, such rate as may be charged by said company therefor, not to exceed the legal rates for transporting one hundred pounds for every $200 of additional responsibility assumed on each one hundred pounds, and at that rate for a greater or less quantity; and a general notice of the limitation of the company's liability, placed in a conspicuous place at or in the office of the company where goods, merchandise or baggage is usually received for transportation, and inserted in the bill of lading or receipt given for such goods or merchandise, and in the tickets delivered to passengers, shall be deemed sufficient notice under this section."

It is admitted by the plaintiff that had the value of the suit case and its contents exceeded $100, there could not have been a recovery for the excess; and it is admitted by the defendant that if the suit case and contents had weighed one hundred pounds, or ninety-one pounds, the judgment would be correct.

The ground taken by the plaintiff, however, is that the statute makes no provision for grading the value according to the weight, if the weight is less than one hundred pounds, or, to speak more accurately, that the statute makes no provision for limiting the amount of recovery to less than $100 in any circumstances. The plaintiff insists that the power to limit is not to a recovery of one dollar for every one pound, but to a recovery of $100 for every one hundred pounds weight, and the argument is, as already remarked, that there is no limitation save the $100 limitation which comes into play when a weight of one hundred pounds is reached.

We are of the opinion, however, that the amounts of weight,

and of responsibility, respectively, are designed to fix a proportion, which proportion is applicable in all instances. It is to be observed that the statutory notice shall operate to limit responsibility to $100 for every one hundred pounds, unless the person offering the goods for transportation shall pay to the company, by way of insurance, for any additional amount of responsibility, such rates as may be charged. The rates to be charged for excess of responsibility are limited to a double rate for a triple responsibility; or, in other words, the payment of the rate for transportation of one hundred pounds for each $200 of responsibility. Then follows the words: "And at that rate for a greater or less quantity." If the responsibility for a less quantity can be increased by the payment of insurance, it seems clear that the legislature in enacting the entire section had in view all weights, and used the terms one hundred pounds and $100 as a standard of proportion, which standard applied whether the weight was under, or above, or exactly one hundred pounds, or one of its multiples.

The section respecting the limitation of liability by notice by the railroad company first appeared in the act of 1853. *Pamph. L., p.* 396. The following is a copy of this section, certain words being italicized in this copy for the purpose of comparison with the present section:

"That any railroad company *of this state* may, by giving notice to any person *or persons* offering goods, merchandise or baggage for transportation on the railroad or in the *boats* or vessels of said company, limit their responsibility as carriers thereof to $100 for every one hundred pounds weight *of such goods, merchandise or baggage, and at that rate for a greater or less quantity,* unless such person *or persons so offering such goods, merchandise or baggage for transportation,* shall pay to said company, by way of insurance, for any additional amount of responsibility to be assumed, such rate *or rates* as may be charged by said company therefor, not to exceed the legal rates for transporting one hundred pounds of *goods, merchandise on such railroad or in such boats or vessels,* for every $200 of additional responsibility assumed

on each one hundred pounds of such goods, merchandise or baggage, and at the same rate for a greater or less quantity."

This act was entitled "An act relative to freight and transit duties on railroads of this state."

In the revised act of 1874 entitled "An act respecting railroads and canals," the provisions of the act of 1853 appear as section 27. In the revised act concerning railroads (*Pamph. L.* 1903, *p.* 645), this provision appears as section 48. A comparison of section 48 of the act of 1903 with the original act of 1853, will display a change in the language of the later act. The difference between the acts is perceived by omitting the italicized words in our statement of the act of 1853. The original act left no question respecting the ability of the railroad company to limit its liability to one dollar for each pound of merchandise carried. The insistence that this right has ceased since the revision of 1903 rests upon the omission in that revision of the words "and at that rate for a greater or less quantity," after the words "may * * * limit their responsibility * * * to $100 for every one hundred pounds weight of such goods, merchandise or baggage."

This contention cannot prevail, for the obvious purpose of the revision in framing section 48 of the act of 1903 was, not to alter, but only to abridge the old section. Words that were implied without being repeated were omitted. The phrase "and at that rate for a greater or less quantity," instead of being twice employed, was used but once; because this single use exhibited the legislative intent that the ratio of responsibility and weight should be the same, whether the goods weighed more or less than one hundred pounds.

The notice in the present case limited the responsibility of the defendants to an amount not exceeding one dollar for each pound. The judgment, being in excess of that amount, must be reversed.